JACOB BORNEMAN, *Adm'r, vs.* CHARLES SIDLINGER & *al.*

Where an intestate in his last sickness, when death was near, and in contemplation of that event as impending, gave to donees named, a note and mortgage, and actually delivered the same to a third person for their use ; the gift is good as a *donatio causa mortis.*

A chose in action may be the subject matter of such gift.

There must be an actual delivery to perfect the gift, but it may be made to a third person for the use of the donee, if the third person retain possession up to the time of the death of the donor.

But a gift of this description may be defeated for the benefit of creditors.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Writ of entry on a mortgage to *John G. Borneman,* the intestate, made to secure the payment of a note of hand.    *John G. Borneman* died intestate in 1830.   His estate was represented insolvent, and commissioners were appointed, but no claims were presented, and they so reported.   But the administrator claims, that there is a debt due to him from the estate.   The defendants then offered to prove, that the intestate, during his last sickness and within ten days of his death, gave the note, not indorsed, with the mortgage to four of his daughters, delivering the same to another

daughter, in trust, for the benefit of the other four ; that the note and mortgage remained in her hands until after the death of the intestate, who died without revoking the gift ; that part of the amount due on the note has been paid to the supposed donees and the remainder is yet due ; and that the suit is brought against the wishes of the supposed donees, and solely for the benefit of the estate. The Judge rejected the evidence, as being insufficient to establish any defence, and a verdict was returned for the plaintiff. The defendants filed exceptions.

*I. G. Reed*, for the defendants.

The note and mortgage are the property of the four daughters. The gift to them was valid in law, as a *donatio causa mortis*. *Ridgway's R.* 202; 5 *Dane*, 140, § 15; 3 *Maddock's R.* 184; 2 *Kent*, 447; 1 *Peere Wms.* 404; 2 *Ves. Jr.* 113; 1 *Bligh. N. S.* 497. There were no debts against the estate to defeat the gift. The plaintiff has not shown any thing due to him, and it cannot be presumed, that he is a creditor.

*Bulfinch*, for the plaintiff.

To render a *donatio causa mortis* valid in law, it must be made by the deceased in his last sickness, when so feeble that he is unable to make a will. 20 *Johns. R.* 514; *Prec. in Ch.* 269; 1 *Ves.* 546; *Swinburne*, 18; 3 *Peere Wms.* 356; 7 *Johns. R.* 26; 18 *Johns. R.* 149. In order to constitute a good *donatio causa mortis*, there must be an absolute, actual delivery to the donee by the deceased. 2 *Marsh.* 532; 7 *Taunt.* 224; 2 *Esp. R.* 663; *Dane, c.* 133, *art.* 3, § 6.

The opinion of the Court, after advisement, was drawn up by

WESTON C. J. — If the defendants can prove, as the case finds they offered to do at the trial, that the intestate in his last sickness, when death was near, and as we think must be understood, in contemplation of that event as impending, gave to the donees named the note and mortgage in question, and actually delivered them to a third person for their use, we are of opinion, that it was good, as a *donatio causa mortis*.

That a chose in action may be the subject matter of such a gift, we regard as settled law at the present day. This question is very

satisfactorily examined in the case of *Parish & al.* v. *Stone*, 14 *Pick.* 198, to which we refer, without deeming it necessary to go over the same ground. There must be an actual delivery, to perfect the gift, but it may be made to a third person, for the use of the donee, if such third person retain possession up to the time of the death of the donor. *Drury* v. *Smith*, 1 *P. Williams*, 404. The equitable interest passes to the donee, and if there be a mortgage as collateral security, it is held in trust for his benefit, and may be enforced in the name of the representative of the deceased, as the principle debt may be also, if necessary. We are of opinion, therefore, that the evidence offered, ought to have been received. And if thereupon, it should be made to appear, that the donees are the real party in interest, the plaintiff will not be permitted to prosecute this suit against their will, and still less for the benefit of the estate.

A gift of this description however may be defeated for the benefit of creditors. 2 *Kent*, 362. And if it should turn out, on a further trial, that the plaintiff is a *bona fide* creditor of the estate, and has a claim, which he can legally enforce, and that a reclamation of this gift is necessary to satisfy it, he may still be permitted to prosecute this suit, notwithstanding the defence interposed.

*Exceptions sustained.*